1
2
3
4
5
6
7
8

## UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10

MARKHAM SPEROS,

11

Plaintiff,

12

v.

CWALT, INC., et al.,

13

Defendants.

CASE NO. 16cv2018-WQH-WVG

ORDER

14

HAYES, Judge:

15          The matters before the Court are the motion to dismiss (ECF No. 18) and the

16    motion to strike (ECF No. 19) filed by The Bank of New York Mellon, F/K/A The

17    Bank of New York, As Trustee, on Behalf of the Holders of the Alternative Loan Trust

18    2005-62, Mortgage Pass-Through Certificates Series 2005-62 ("BNYM").[1]

19    **I. Background**

20          On November 16, 2016, Plaintiff Markham Speros filed the first amended

21    complaint.   (ECF No. 15).   Plaintiff alleges causes of action against Defendants

22    CWALT, Inc. Alternative Loan Trust 2006-62 Mortgage Pass-Through Certificates,

23    Series 2005-62; The Certificate Holders of the CWALT, Inc. Alternative Loan Trust

24

25          [1] BNYM filed the instant motions on behalf of all named defendants erroneously
26    named as CWALT, Inc. Alternative Loan Trust 2006-62 Mortgage Pass-Through
      Certificates, Series 2005-062; The Certificate Holders of the CWALT, Inc. Alternative
27    Loan Trust 2005-62 Mortgage Pass-Through Certificates, Series 2005-62; Bank of New
      York Mellon fka The Bank of New York as Trustee for the CWALT, Inc. Alternative
28    Loan Trust 2005-62 Mortgage Pass-Through Certificates Series 2005-62; and CWALT,
      Inc. in the amended complaint.  (ECF No. 18).  Plaintiff does not contest BNYM's
      position that BNYM is the proper defendant in this action.

2005-62 Mortgage Pass-Through Certificates, Series 2005-62; Bank of New York Mellon fka The Bank of New York as Trustee for the CWALT, Inc. Alternative Loan Trust 2005-62 Mortgage Pass-Through Certificates, Series 2005-62; CWALT, Inc.; ROES 1-10; and, DOES 1-10.

On November 21, 2016, BNYM filed the motion to dismiss (ECF No. 18) and a motion to strike portions of the amended complaint (ECF No. 19).  On December 7, 2016, Plaintiff filed a response in opposition to the motion to dismiss.[2]  (ECF No. 22).  On December 19, 2016, BNYM filed a reply.  (ECF No. 23).  On December 23, 2016, BNYM filed an amended reply.  (ECF No. 29).

On December 19, 2016, BNYM filed a notice of Plaintiff's non-opposition to the motion to strike. (ECF No. 24).

On December 23, 2016, Plaintiff filed a letter with the court requesting that the Court waive oral argument.  (ECF No. 31).

**II. Allegations of the Amended Complaint**

"[A]t all times relevant to this action, Plaintiff has owned the real property commonly known as 443 Rosemont Street, La Jolla, CA 92037 (hereinafter the "Property").  (ECF No. 15 at ¶ 16).  "Plaintiff executed a promissory note . . . in favor of Guaranty Bank . . . secured by a Deed of Trust . . . for the finance of the real property located at 443 Rosemont Street, La Jolla, CA 92037."  *Id.* at ¶ 68.

"In an attempt to appear to be in compliance with the Non-Judicial Foreclosure Scheme adopted by California, Defendants recorded a 'Substitution of Trustee and Assignment of Deed of Trust' . . . purporting to transfer all beneficial interest in Plaintiff's Deed of Trust and Note to the CWALT, Inc., Alternative Loan Trust, 2005-62, Mortgage Pass-Through Certificates, Series 2005-62."  *Id.* at ¶ 8.  Plaintiff alleges that the "'Substitution of Trustee and Assignment of Deed of Trust' (hereinafter 'ADOT'), was recorded in the San Diego Recorder's Office" on October 1, 2010.  *Id.*

---

[2] Plaintiff filed a second copy of his response in opposition to the motion to dismiss on December 19, 2016.  (ECF No. 28).  The responses are identical in relevant part.  (ECF Nos. 22, 28).

at ¶¶ 69,71.  Plaintiff alleges that "Defendants do not own Plaintiff's debt because one or more assignments of his debt are void." *Id.* at ¶ 36.  "Plaintiff asserts that the prima facie evidence of the assignment being executed on October 1, 2010 shows that the Plaintiff's claims establish the plausibility that the ADOT is either VOID or that Defendants have engaged in tax evasion or avoidance . . ." *Id.* at ¶ 70.  Plaintiff alleges that defects with the ADOT "render any assignments void, not merely voidable." *Id.* at ¶ 105.  Plaintiff alleges, "[T]he ADOT recorded in the San Diego County Recorder's Office as instrument number 2010-0556479, purporting to have been executed on October 1, 2010 is *Void Ab Initio* and being null and void from the beginning." *Id.* at ¶ 131.

Plaintiff alleges that "the ADOT in the San Diego County Recorder's Office purports to transfer the subject Deed of Trust 'TOGETHER WITH THE NOTE OR NOTES THEREIN DESCRIBED OR REFERRED TO, THE MONEY DUE AND TO BECOME DUE THEREON WITH INTEREST, AND ALL RIGHTS ACCRUED OR TO ACCRUE UNDER THE SAID DEED OF TRUST . . .' and as such Plaintiff asserts that prior to October 1, 2010 neither the subject Deed of Trust or the associated Note were ever granted, assigned, or transferred to the CWALT 2005-62 Trust." *Id.* at ¶ 72.  Plaintiff alleges that the "CWALT 2005-62 Trust Prospectus[3] and its related documents state that all loans will be transferred into the trust no later than August 1, 2005." *Id.* at ¶ 73.  Plaintiff alleges that the "ADOT is prima facie evidence that on October 1, 2010 Plaintiff's loan was transferred to the trust nearly five (5) years after August 31, 2005 as stated in the Prospectus and its related documents." *Id.* at ¶ 74.  Plaintiff alleges that the "ADOT is in direct conflict with the Prospectus and is therefore a securities violation." *Id.* at ¶ 75.  Plaintiff alleges "the assignment transferred the

---

[3] Plaintiff alleges that a "prospectus" is a formal legal document recorded with the Securities and Exchange Commission in conjunction with the CWALT 2005-62. Plaintiff alleges that it "provides information about the investment offering for sale to the public detailing the investments' objectives, strategies, risks, performance, distribution policy, tax considerations, fees and expenses, and management." (ECF No. 15 at ¶ 62).  Plaintiff alleges that the Prospectus is not a contract but strict compliance to the Prospectus is required.  *Id.* at ¶ 65.

beneficial interest of Plaintiff's loan to The Bank of New York Mellon FKA The Bank of New York, as Trustee for CWALT 2005-62." *Id.* at ¶ 81. Plaintiff alleges that the Prospectus states that the loans transferred to the CWALT 2005-62 Trust will first be transferred to CWALT, Inc. as the trust's Depositor and then onto The Bank of New York Mellon FKA The Bank of New York, as Trustee." *Id.* at ¶ 83. Plaintiff alleges "the failure to transfer the loans to the 'Depositor' prior [to] the transfer to the Trustee was in direct conflict with the Prospectus and is therefore a securities violation and . . . exposed the investors to massive tax liabilities." *Id.* at ¶ 85.

Plaintiff alleges "Defendants attempted but failed to assign or transfer Plaintiff's Note to the CWALT 2005-62 Trust. As such, Defendants have no authority to collect on the Note and enforce the Deed of Trust." *Id.* at ¶ 92. "Defendants and their agents have collected and attempted to collect on this Note and enforce the Deed of Trust with the knowledge they have no legal right to do so." *Id.*

Plaintiff alleges that "Defendants have commenced a non-judicial foreclosure in the past . . . and have stated their intent repeatedly to foreclose against Plaintiff's property." *Id.* at ¶ 311. Plaintiff requests declaratory relief as to multiple issues regarding the validity of the assignment of the deed of trust and its compliance with different laws, as well as whether the Defendants have any right, or interest in Plaintiff's Note, Deed of Trust, or the property which authorizes them. (ECF No. 15). Plaintiff alleges the following causes of action: cancellation of instruments, fraud and deceit; violation of New York General Business Law section 349; violation of the California Business and Professions Code section 17200, et seq., violation of 15 U.S.C. § 1692e, violation of 15 U.S.C. § 1641(g), wrongful foreclosure, and statutorily defective foreclosure.

**III. Legal Standard**

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Federal Rule of Civil Procedure 8(a) provides that "[a] pleading that states a claim for relief must

contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  "As a general rule, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).  "All factual allegations set forth in the complaint are taken as true and construed in the light most favorable to plaintiffs." *Id.* at 679.  "A district court's dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is proper if there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citation omitted).   "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id*. (citation omitted).  "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. at 679.  "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quotation omitted).

**IV. Request for Judicial Notice**

"As a general rule, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). However, there are "two exceptions to the requirement that consideration of extrinsic evidence converts a 12(b)(6) motion to a summary judgment motion." *Id.* First, Federal Rule of Evidence 201 provides that "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it . . . is generally known within the trial court's territorial jurisdiction; or . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed R. Evid. 201(b). "[U]nder Fed.R.Evid. 201, a court may take judicial notice of 'matters of public record.'" *Lee*, 250 F.3d at 689 (quoting *Mack v. South Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir.1986)). Second, under the doctrine of incorporation by reference, "[a] district court ruling on a motion to dismiss may consider documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the plaintiff's pleadings." *Parrino v. FHP, Inc.*, 146 F.3d 699, 705 (9th Cir. 1998) (internal quotation marks omitted).

Defendant BNYM requests judicial notice of the following exhibits: (A) Deed of Trust recorded August 9, 2005; (B) Deed of Trust recorded February 15, 2006; (C) Quitclaim Deed recorded February 16, 2006; (D) Notice of Default recorded October 5, 2010; (E) Substitution of Trustee and Assignment of Deed of Trust recorded October 18, 2010; (F) Notice of Trustee's Sale recorded July 28, 2011; (G) Notice of Rescission of Declaration of Default recorded August 24, 2013; (H) Substitution of Trustee recorded August 19, 2013; (I) Notice of Default recorded August 19, 2013; (J) Notice of Trustee's Sale recorded December 6, 2013; (K) Docket regarding *Speros v. Bank of America, N.A.*, No. 3:11-cv-01850-DMS-NLS; (L) Complaint filed August 18, 2011 regarding *Speros v. Bank of America, N.A.*, No. 3:11-cv-01850-DMS-NLS; (M) Order filed February 2, 2012 regarding *Speros v. Bank of America, N.A.*, No. 3:11-cv-01850-

DMS-NLS; (N) First Amended Complaint filed Feb. 17, 2012 regarding *Speros v. Bank of America, N.A.*, No. 3:11-cv-01850-DMS-NLS; (O) Order granting Defendant's Motion to Dismiss Plaintiff's First Amended Complaint filed May 14, 2012 regarding *Speros v. Bank of America, N.A.*, No. 3:11-cv-01850-DMS-NLS; (P) Judgment filed May 14, 2012 regarding *Speros v. Bank of America, N.A.*, No. 3:11-cv-01850-DMS-NLS; (Q) Docket regarding *Speros v. CWALT, Inc.*, et al., No. 3:13-cv-03142-JAH-DHB. (ECF No. 18-3). The Court takes judicial notice of these exhibits as matters of public record which are not subject to reasonable dispute over their authenticity. *See* Fed R. Evid. 201(b); *Lee*, 250 F.3d at 690; *Harris v. Cty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) ("We may take judicial notice of undisputed matters of public record . . . including documents on file in federal or state courts.").

## V. Contentions of the Parties

BNYM contends that Plaintiff's first amended complaint should be dismissed with prejudice due to the doctrine of res judicata, Plaintiff's failure to join an indispensable party, and Plaintiff's lack of standing. BNYM contends that possession of the Note is not required to non-judicially foreclose and that MERS was authorized to assign the Deed of Trust. BNYM contends that Plaintiff fails to state a claim as to any of the twenty-one causes of action. (ECF No. 18). BNYM contends that the first amended complaint fails because it is barred by res judicata. BNYM contends that the claims attacking the transfer of the note, assignment of the Deed of Trust and authority to foreclose were adjudicated in *Speros v. Bank of America, N.A.*, No. 3:11-cv-1850-DMS-NLS. (ECF No. 18-1 at 15).

In his opposition to the motion to dismiss, Plaintiff "reaffirms . . . that the 'Substitution of Trustee and Assignment of Deed of Trust' recorded in the San Diego County Recorder's Office on October 18, 2010 as Instrument No. 2010-0556479 is Void Ab Initio and cannot be ratified or cured rendering it Void and not merely Voidable." (ECF No. 28 at 4). Plaintiff contends that he has standing to challenge the validity of the assignment. *Id.* at 8. Plaintiff contends that he has properly stated claims

for relief and Defendant's efforts to disprove Plaintiff's allegations as factually unfounded are improper at this stage of the litigation. *Id.* at 10. Plaintiff contends that the Court is not entitled to consider extrinsic evidence to prove the merits of the case on a Rule 12(b)(6) motion. *Id.*

## VI. Discussion

The Court takes judicial notice of the complaint, order granting the motion to dismiss, the amended complaint, and the order granting the motion to dismiss with prejudice in *Speros v. Bank of America*, N.A., No. 3:11-cv-1850-DMS-NLS ("*Speros I*").[4] In *Speros I*, Plaintiff Markham Speros filed a complaint against Bank of America, N.A.; BAC Home Loans Servicing, LP; Recontrust Company, N.A.; Bank of New York Mellon; and Does 1-100 alleging causes of action for fraud, wrongful disclosure, RESPA violations, fraudulent assignment, and quiet title and requesting declaratory relief. (Exhibit L & N, ECF No. 18-4). Plaintiff's claims in *Speros I* related to the same property at 443 Rosemont Street and challenged the validity of the October 2010 assignment of the deed of trust. (Exhibit N, ECF No. 18-4). Plaintiff requested "an order restraining defendants or its agents, employees, officers, attorneys and representatives from . . . offering or advertising sale, and . . . attempting to transfer title to this property" and voiding the trustee's sale. (Exhibit L, ECF No. 18-4 at 185). The defendants filed a motion to dismiss. The district court in *Speros I* dismissed Plaintiff's complaint without prejudice after concluding Plaintiff failed to state a claim as to any of his causes of action. Plaintiff filed an amended complaint again alleging fraud, wrongful disclosure, RESPA violations, fraudulent assignment, quiet title and declaratory judgment. (Exhibit N, ECF No. 18-4). The defendants filed a motion to dismiss the amended complaint. After Plaintiff failed to file an opposition, the district court dismissed the amended complaint with prejudice. (Exhibit O, ECF No. 18-4).

"Res judicata, also known as claim preclusion, bars litigation in a subsequent

---

[4] BNYM included copies of these filings in their request for judicial notice. (Exhibits L-O, ECF No. 18-4 at 60-121).

action of any claims that were raised or could have been raised in the prior action."
*Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001)
(citing *Western Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997)).
"[R]es judicata preclusion 'extends only to claims that arise out of the same cause of
action asserted in [a] prior action.'" *Latman v. Burdette*, 366 F.3d 774, 782 (9th Cir.
2004) (quoting *Harris v. Jacobs*, 621 F.2d 341, 343 (9th Cir. 1980)).  Res judicata bars
claims for relief when there is (1) an identity of claims, (2) a final judgment on the
merits, and (3) privity between parties. *TahoeSierra Pres. Council, Inc. v. Tahoe Reg'l
Planning Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003).  Courts consider four factors
when determining whether an identity of claims exists:

> (1) whether rights or interests established in the prior judgment would be
> destroyed or impaired by prosecution of the second action; (2) whether
> substantially the same evidence is presented in the two actions; (3)
> whether the two suits involve infringement of the same right; and (4)
> whether the two suits arise out of the same transactional nucleus of facts.

*Turtle Island Restoration Network v. U.S. Dep't of State*, 673 F.3d 914, 917-18 (9th Cir.
2012) (citing *Constantini v. Trans World Airlines*, 681 F.2d 1199, 1201-02 (9th Cir.
1982).  A plaintiff "cannot avoid the bar of res judicata merely by alleging conduct by
the defendant not alleged in his prior action or by pleading a new legal theory."
*McClain v. Apodaca,* 793 F.2d 1031, 1034 (9th Cir.1986).

In *Speros I*, Plaintiff brought suit against Bank of New York Mellon among other
defendants.  In this case, the Bank of New York Mellon, f/k/a the Bank of New York,
as Trustee, on Behalf of the Holders of the Alternative Loan Trust 2005-62, Mortgage
Pass-Through Certificates Series 2005-62 filed the motion to dismiss on behalf of all
named Defendants.  Plaintiff does not contend that the parties are not in privity.  The
Court concludes that the privity of parties element is satisfied.

In *Speros I*, the district court granted the defendants' motion to dismiss the
original complaint without prejudice.  The district court determined that the RESPA
claim was barred by a statute of limitations, the complaint failed to allege facts to
support the remaining causes of actions, and Plaintiff was not entitled to declaratory

relief because Plaintiff's other claims were invalid. (Exhibit M, ECF No. 18-4). Plaintiff filed an amended complaint alleging the same causes of action. (Exhibit N, ECF No. 18-4). The defendants in *Speros I* filed a motion to dismiss the amended complaint. Plaintiff did not file an opposition and the district court dismissed the complaint with prejudice and entered judgment. (Exhibit O-P, ECF No. 18-4). The district court stated, "Having read and considered the pleadings and the arguments in support of Defendants' Motion, the motion is granted. Plaintiff's Complaint is hereby dismissed with prejudice." (Exhibit O, ECF No. 18-4). This Court concludes that there was a final judgment on the merits in *Speros I*.

In *Speros I*, Plaintiff brought causes of action premised on allegations that the October 2010 assignment of deed of trust relating to the property at 443 Rosemont Street was invalid. Plaintiff's amended complaint in *Speros I* alleged that he is the "rightful owner of the property . . . known as 443 Rosemont Street, La Jolla, CA 92037." (ECF No. 18-4 at 94). Plaintiff alleged that, "Defendant MERS fraudulently executed a "Substitution of Trustee and Assignment of Deed of Trust'" and alleged a number of reasons these documents were fraudulent. *Id.* at 97-98. Plaintiff alleged that the "Substitution of Trustee and Assignment of Deed of Trust that purports to have been signed on [] October 1, 2010" attempted to transfer the deed of trust into a closed investment trust and contained terms contradictory to documents supplied by the defendants. *Id.* at 101. Plaintiff brought causes of action for fraudulent assignment and wrongful foreclosure based on these alleged deficiencies in the assignment of the deed of trust. *Id.* at 113-115.

In this case, Plaintiff's causes of action also arise out of allegations challenging the validity of the same assignment of the deed of trust in October 2010. Plaintiff alleges "[T]he ADOT recorded in the San Diego County Recorder's Office as instrument number 2010-0556479, purporting to have been executed on October 1, 2010 is *Void Ab Initio* and being null and void from the beginning." (ECF No. 15 at ¶ 131). Plaintiff alleges that defects with the ADOT "render any assignments void, not

merely voidable." *Id.* at ¶ 105.  Plaintiff requests declaratory relief that the assignment of the deed of trust is void and violates various laws.   Plaintiff's remaining causes of action are premised on the allegedly invalid assignment that Plaintiff alleges deprived Defendants of any right or interest in the Plaintiff's Note, Deed of Trust, or the property.   Plaintiff's claims in *Speros I* and the instant action attack the same assignment of the deed of trust, secured by the same property at 443 Rosemont Street and, therefore, arise out of the same transactional nucleus of fact.  The Court finds that an identity of claims exists between claims alleged in *Speros I* and claims alleged in this case.  The Court concludes that Plaintiff's claims were raised or could have been raised in *Speros I* and are barred in this action by the doctrine of res judicata.[5]

**VII. Conclusion**

        IT IS HEREBY ORDERED that the motion to dismiss filed by BNYM is GRANTED.   (ECF No. 18).   Plaintiff's amended complaint against all named Defendants is dismissed with prejudice.

        IT IS FURTHER ORDERED that the motion to strike filed by BNYM is DENIED as moot.  (ECF No. 19).

DATED:  February 17, 2017

**WILLIAM Q. HAYES**
United States District Judge

---

[5] The Court dismisses the complaint on res judicata grounds and does not reach BNYM's remaining arguments in support of the motion to dismiss.